UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ZACHARY PULERA,

        Plaintiff,

v.                                                  Case No. 15-C-461

VICTORIA SARZANT, et al.,

        Defendant.

---

**DECISION AND ORDER ON MOTIONS TO DISMISS
AND FOR EXTENSION OF TIME**

---

This matter, recently reassigned to the undersigned, is before the court on the motions of several of the defendants for dismissal, the plaintiff's motion to extend time for service of the initially unknown defendants, and for an order lifting a stay of discovery. This decision will resolve the pending motions to dismiss and lift the stay on discovery.

**BACKGROUND AND PROCEDURAL HISTORY**

In the early morning hours of April 23, 2012, Zachary Pulera tried to hang himself with a bedsheet while being held in custody at the Kenosha County Jail for a probation violation. Fortunately, his suicide attempt was unsuccessful. Alerted by one of the prisoners on Pulera's cellblock, correctional officers were able to cut him down before he expired, but not before he lost consciousness and became unresponsive. He was transported to the Neuro-Intensive Care Unit at Froedtert Hospital in Milwaukee where he was revived. Claiming that his suicide attempt was the result of the deliberate indifference and/or negligence of the correctional and health care staff of the jail, Pulera commenced this action on April 19, 2015, against the County, the Sheriff, and various administrative staff members, supervisors and correctional officers, including two unknown County

employees identified as John Doe 1 and 5, who work in the jail. ECF No. 1 ¶¶ 7–18, 20–22. Pulera's original complaint also named as defendants Visiting Nurse Community Care, Inc. (VNCC), which contracted with the County to provide nursing and other health care services to jail inmates, and John Does 2 through 4 who were described as employees of VNCC and/or the County who worked at the jail and were "responsible for the safe, secure, and humane treatment of all Kenosha County Jail inmates, including Pulera, on April 21, 2012." *Id.* ¶¶ 19, 23. Pulera claimed that the deliberate indifference of the County and its employees (collectively, the County Defendants) to his serious medical/mental health needs constitutes "cruel and unusual punishment" proscribed by the Eighth Amendment to the United States Constitution and Article I, section 6 of the Wisconsin Constitution. *Id.* ¶¶ 92, 96. The complaint also asserted state common law negligence claims against the County Defendants, VNCC, and John Does 2 through 4. *Id.* ¶¶ 111, 116. Based upon these allegations, Pulera seeks monetary damages for, *inter alia*, serious emotional and psychological distress, permanent brain damage and memory problems, pain and suffering, loss of wages and earning capacity, cost of medical care, treatment and services, and loss of enjoyment of life. *Id.* ¶ 119.

Upon entry of appearances and filing of answers by the known defendants, the court held a Rule 16 scheduling conference on August 26, 2015. ECF No. 14. The parties were directed to exchange Rule 26(a)(1) initial disclosures by September 9, 2015 and amend pleadings by November 1, 2015. Pulera was directed to disclose his Rule 26(a)(2) expert reports by March 30, 2016, and the defendants were to follow with their expert disclosures by June 30, 2016. The parties were directed to complete discovery by August 30, 2016, and file dispositive motions no later than September 15, 2016.

The court conducted a status conference on February 16, 2016, at which time Pulera reported "a slight delay inasmuch as the parties await receipt of additional medical records before plaintiff can be deposed." ECF No. 15. In response, the court directed the parties to submit a joint status report by August 1, 2016, and notify the court in the event modifications to the scheduling order were needed. *Id.*

On June 29, 2016, the court granted Pulera's motion to amend the scheduling order which extended Pulera's expert disclosure date to June 30, 2016, defendants' expert disclosure date to October 31, 2016, with discovery to be completed by December 30, 2016, and dispositive motions due on or before January 16, 2017. ECF No. 24. In the same order, the court granted Pulera's motion for leave to file a first amended complaint, which added negligence claims against Dr. Karen Butler and her employer, Advanced Correctional Health Care, Inc. (ACH), based on an allegation that Dr. Butler was negligent in failing to properly assess, diagnose, and treat Pulera while providing medical services to the jail under the County's contract with ACH. ACH's liability was predicated on the doctrine of *respondeat superior* and on allegations that ACH was negligent in hiring, training, and supervising its employee. ECF No. 25. At the same time, the court gave Pulera until August 31, 2016 "to file a second amended complaint identifying the John Doe 1–5 defendants (but otherwise identical in all respects to the first amended complaint)." ECF No. 24 at 2. The court expressly cautioned Pulera that "[i]n the event the John Doe defendants are not named in an amended complaint pleaded by August 31, 2016, all claims against those defendants will automatically be dismissed without further court action." *Id.*

On August 3, 2016, ACH moved for dismissal on the ground that Pulera's negligence claim was barred by Wisconsin's three-year statute of limitations on medical negligence personal injury actions. Wis. Stat. § 893.55(1m). Dr. Butler filed a similar motion the following day. In response,

3

Pulera argued that the statute of limitations for his claims against Dr. Butler and ACH was not triggered until he discovered his claims against them. Pulera contends this occurred when his attorney was told by an attorney for the nurses that "Dr. Butler had prohibited medication administration to the plaintiff." ECF No. 53 at 4. Based on the discovery rule set out in § 893.55(1m)(b), Pulera argued that his claims against Dr. Butler and ACH were not barred. Pulera also noted that he intended to seek leave to file a second amended complaint asserting claims that Dr. Butler and ACH were both deliberately indifferent to his serious medical/mental health needs and thereby subjected him to cruel and unusual punishment in violation of his Eighth Amendment. *Id.* at 2–3. Since the statute of limitations in Wisconsin for § 1983 claims is governed by the six-year statute of limitations in Wis. Stat. § 893.53, *see Gray v. Lake*, 885 F.2d 399, 408–09 (7th Cir. 1989), Pulera's deliberate indifference claims, if allowed, would not be barred.

On August 18, 2016, Pulera filed a motion for leave to file his second amended complaint. ECF No. 49. Pulera explained that the second amended complaint was intended "to clarify the 42 U.S.C. § 1983 claims brought against Defendant Butler and ACH, as well as claims for negligence." *Id.* ¶ 6. Pulera also stated that the new complaint added Nurses Sylvia Summers-Sgroi, Erica Rea, Denise Gilvani, Markella Reed, Lyndsay Hauchk, and Dawn Smith (collectively, the Nurse Defendants) in place of the John Doe defendants, as well as Cincinnati Specialty Underwriters Insurance Company (CSUIC) and Wisconsin Municipal Mutual Insurance Company (WMMIC) to replace the fictional insurance companies named in the previous complaint. *Id.* ¶ 7. Though not stated in his motion for leave to file, Pulera's second amended complaint broadened his deliberate indifference claims under the United States and Wisconsin Constitution to include all of the defendants, including VNCC and the Nurse Defendants. ECF No. 59 ¶¶ 102, 108.

4

The court granted Pulera's motion for leave to file the second amended complaint at a telephone conference held on August 29, 2016, and ordered it filed, effective the same day. The court then denied the motions to dismiss the first amended complaint filed by ACH and Dr. Butler as moot in light of the new complaint, and directed the defendants to file any new motions to dismiss by September 29, 2016. The court then stayed all discovery pending resolution of the anticipated motions to dismiss. ECF No. 60.

VNCC, the Nurse Defendants, and CSUIC filed their answer on September 9, 2016, denying all liability and asserting some twenty-one affirmative defenses. ECF No. 61. Among the affirmative defenses asserted in the answer filed by these defendants was the following: "The plaintiff has not obtained proper service over the answering [Nurse Defendants]. To the extent that these defendants state they are not subject to the jurisdiction of this court until the Second Amended Summons and Complaint have been properly served upon each and every said defendant." *Id.*, Aff. Def. ¶ 19. The County Defendants, ACH, and Dr. Butler filed their answers to the second amended complaint on September 12, 2016. On September 29, 2016, ACH filed its motion to dismiss the second amended complaint. ACH again argued that Pulera's negligence claim against it was barred by the three-year statute of limitations and the complaint failed to state a claim under § 1983. ACH also argued that it could not be liable for Dr. Butler's alleged deliberate indifference under the theory of *respondeat superior*. On October 26, 2016, the court entered an order dismissing the negligence claim against Dr. Butler on a stipulation of the parties, leaving only the deliberate indifference claim under § 1983 against her.

Meanwhile, more than the ninety days allowed for service of the summons and complaint under Rule 4(m) of the Federal Rules of Civil Procedure had run as to the Nurse Defendants now named in the second amended complaint. On December 19, 2016, Pulera filed a motion for an

5

extension of time under Rule 4(m) to serve the Nurse Defendants. Pulera claimed that because the attorney for VNCC, CSUIC, and the Nurse Defendants filed one answer on behalf of all of his clients, he assumed their attorney was accepting service on their behalf and they were waiving personal service. Pulera also argued that the Nurse Defendants would not be prejudiced by extending the time for service since discovery in the case had been stayed and they were represented by counsel retained by their employer or its insurer. ECF No. 76.

The Nurse Defendants opposed Pulera's motion to extend time, and on December 22, 2016, filed a motion to dismiss for failure to serve within the ninety days allowed. ECF No. 77. The Nurse Defendants argue that Pulera has not shown good cause for failing to personally serve them within the time allowed and that Pulera violated the court's June 29, 2016 order by adding claims against the defendants. Under the circumstances, these defendants argue that Pulera's motion should not be granted.

## ANALYSIS

### A. ACH Motion To Dismiss

In addition to the negligence claims that Pulera asserted against ACH in his first amended complaint, Pulera's second amended complaint asserts three additional somewhat confused claims against ACH under § 1983. In its motion to dismiss, ACH renews its argument that Pulera's negligence claim, whether based upon its own conduct or the conduct of Dr. Butler under a theory of *respondeat superior*, is barred by Wisconsin's three-year statute of limitations for medical negligence claims. As for Pulera's § 1983 claims, ACH argues that it cannot be liable under § 1983 for Dr. Butler's deliberate indifference under a theory of *respondeat superior*.

As an initial matter, Pulera notes that Rule 12(b)(6) of the Federal Rules of Civil Procedure requires that a motion asserting any of the defenses listed in the rule, including the failure to state a

6

claim, "must be made before pleading if a responsive pleading is allowed." Based upon the plain language of the Rule, Pulera argues that the court must deny ACH's motion to dismiss, because ACH filed the motion after it filed its answer to the complaint. ECF No. 72 at 3.

The argument is a nonstarter. A party does not waive the defense that the plaintiff's complaint fails to state a claim by answering the complaint before moving for dismissal. *See* Fed. R. Civ. P. 12(h)(2). Instead, the motion to dismiss is treated as a motion for judgment on the pleadings. *See Saunders-El v. Rohde*, 778 F.3d 556, 559 (7th Cir. 2015) ("A motion to dismiss made after the filing of an answer serves the same function as a motion for judgment on the pleadings and may be regarded as one." (internal quotes omitted)). The court will therefore treat ACH's motion as a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Courts review Rule 12(c) motions "under the same standard as a motion to dismiss under Rule 12(b)." *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citation omitted).

On the merits, Pulera does not oppose ACH's motion to dismiss his negligence claim against ACH, and based upon his concession, Count VII of his second amended complaint is dismissed. As to his § 1983 claims, however, Pulera argues that ACH is liable for Dr. Butler's deliberate indifference under the theory of *respondeat superior*. This is clearly incorrect. As recently as 2014, the Seventh Circuit has reaffirmed its previous holdings that "[*r*]*espondeat superior* liability does not apply to private corporations under § 1983." *Shields v. Ill. Dept. of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). Indeed, the court noted that "[t]he answer under controlling precedents of this court is clear. Such a private corporation cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself." *Id.* While the court went on in *Shields* to question the rationale of the decisions establishing the rule, it

7

explicitly recognized that "it would take a decision by this court sitting en banc or pursuant to Circuit Rule 40(e), or a decision by the Supreme Court to overrule those decisions." *Id.* Pulera offers no citation to any decision post-*Shields* that abrogates its holding. The only case it does cite, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970), predates *Shields* by more than forty years and was thoroughly discussed by the *Shields* court. It does not change the result. ACH cannot be held liable to Pulera under a theory of *respondeat superior*.

Because of the lack of clarity of Pulera's second amended complaint, however, the effect of this ruling is unclear. The second amended complaint asserts three claims against ACH based on allegations that the defendants collectively were "deliberately indifferent." The first and second counts include allegations that "the Defendants' policies, customs, practices, acts and/or omissions evidence and constitute deliberate indifference" in violation of the Eighth Amendment to the United States Constitution and Article I, section 6 of the Wisconsin Constitution, respectively. ECF No. 59 ¶¶ 104, 108. Policies, customs, and practices are *Monell* terms. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978) ("We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Thus, it would seem that Pulera is asserting *Monell* claims against ACH in Counts I and II. Indeed, there is no other basis upon which ACH can be liable. *Shields*, 746 F.3d at 789. Yet, Pulera also asserts in his second amended complaint a "*Monell* Claim" (Count III), in which he alleges that the defendants, collectively again, failed to adequately train and supervise its own employees and jail staff in the recognition and treatment of inmates with serious mental health conditions, and in its policy and practice of allowing untrained correctional officers to conduct

medical screens, and had "a *de facto* policy of allowing untrained correctional officers/employees to conduct medical/mental health screens and make decisions concerning the need for medication or other appropriate medical/mental health care [that] violated Pulera's Constitutional, Civil, and Statutory Rights and permitted, encourage [sic], tolerated or ratified the actions of Defendants and Kenosha County Jail Staff, all in a malicious or reckless disregard and/or with deliberate indifference regarding the Constitutional, Civil, and Statutory Rights of Pulera." ECF No. 59 ¶¶ 118–19.

Given these allegations, I am hesitant to dismiss any of the deliberate indifference counts of the second amended complaint against ACH since they appear to allege different policies, practices or customs that allegedly violated Pulera's federal and state constitutional rights. The court is not tasked with the job of editing the plaintiff's complaint in an effort to make it more coherent. Suffice it to say at this point that the only § 1983 claims that remain against ACH are *Monell* claims based on allegedly unconstitutional policies adopted by ACH. ACH cannot be held liable under a theory of *respondeat superior*. Accordingly, ACH's motion to dismiss is granted as to Pulera's negligence claim (Count VII). In all other respects, it is denied.

**B. The Nurse Defendants' Motion To Dismiss and Pulera's Motion To Extend Time**

The Nurse Defendants have also moved for dismissal on the ground that Pulera failed to personally serve them with a summons and the second amended complaint within ninety days of filing as required under Rule 4(m) of the Federal Rules of Civil Procedure. There is no dispute that Pulera failed to have the Nurse Defendants served within the time allowed. Rather than argue the point, Pulera has moved for an extension of time to have them served. Rule 4(m) provides that the court "must extend the time for service" if the plaintiff shows "good cause for the failure." Fed. R. Civ. P. 4(m).

Pulera fails to show good cause for his failure to serve the Nurse Defendants within the time allowed. His assumption that counsel for VNCC and the Nurse Defendants was accepting service on their behalf in view of the answer that was filed was unreasonable, given the fact that the answer explicitly lists the failure to properly serve them as an affirmative defense. By asserting it as an affirmative defense in their answer, the Nurse Defendants preserved insufficiency of service as a defense and they remained free to assert it when the time for service expired. Fed. R. Civ. P. 12(h)(1)(B)(ii). Pulera points to no conversation with counsel for the Nurse Defendants that would have justified his belief that he did not need to serve them in order for the court to obtain jurisdiction over them. Pulera also argues that the Nurse Defendants would not suffer prejudice if the court extends time to serve them but the issue of prejudice is separate from good cause.

Even absent a showing of good cause, however, a district court may extend the time for service. *Coleman v. Milwaukee Bd. of School Directors*, 290 F.3d 932, 934 (7th Cir. 2002). In deciding whether to extend time in the absence of a showing of good cause, the court may grant an extension as long as the court does not abuse its discretion. *Coleman* provides a helpful discussion of the factors a court should consider in exercising that discretion:

> Where as in this case the defendant does not show any actual harm to its ability to defend the suit as a consequence of the delay in service, where indeed it is quite likely that the defendant received actual notice of the suit within a short time after the attempted service, and where moreover dismissal without prejudice has the effect of dismissal with prejudice because the statute of limitations has run since the filing of the suit (it has run on the plaintiff's Title VII claim, though not on her Thirteenth Amendment claim), most district judges probably would exercise lenity and allow a late service, deeming the plaintiff's failure to make timely service excusable by virtue of the balance of hardships.

*Id.*

Considering the same factors in this case, I conclude that Pulera's motion should be granted. First, though I have not found good cause, I am satisfied that Pulera has shown excusable neglect.

10

It is clear that the parties were in consultation with each other and the court on the date that the second amended complaint was filed. Counsel for the Nurse Defendants was already in the case, and had been from the beginning, as the attorney for VNCC. He was thus well aware of the negligence claims against the Nurse Defendants individually, and it was at least understandable for counsel for Pulera to assume he would accept service on their behalf since he would be representing them, especially after counsel filed an answer on their behalf. It is true, as noted above, that the answer asserted failure of service as a defense, but that was one of twenty-one defenses, many of which are often asserted as mere placeholders. Thus, while I do not find good cause, I do find counsel's assumption understandable.

The Nurse Defendants also argue that the motion to extend time should not be granted because Pulera violated the court's June 29, 2017 order by adding the deliberate indifferent claims against them. At the very least, they argue the "improperly added claims" should be dismissed. The court's earlier order that the second amended complaint not add any other claims, however, is not a reason to deny Pulera's motion to extend time to serve the second amended complaint naming the Nurse Defendants individually. In any event, the earlier order would seem to have been abrogated by the court's decision granting Pulera leave to file the second amended complaint in the first place. And since the statute of limitations has not run as to the new claims, denying Pulera's motion would simply mean he would have to file a separate action asserting them which would likely be eventually consolidated with this one.

More importantly, it appears that if Pulera's motion is not granted, he will be unable to refile his negligence claims against the Nurse Defendants because the statute of limitations as to those claims has run. The relation back provisions of Rule 15(c) of the Federal Rules of Civil Procedure would be inapplicable, leaving Pulera no hope of obtaining a decision on the merits. Courts prefer

11

that claims be decided on the merits, rather than technicalities, and where no prejudice is shown, are inclined to rule so as to allow such a determination. Here, I find no prejudice to the Nurse Defendants and a significant loss to Pulera. I therefore conclude that his motion to extend time to serve the Nurse Defendants should be granted and the Nurse Defendants' motion should be denied. Pulera must serve the Nurse Defendants within thirty days from the date of this order.

## CONCLUSION

For the reasons stated, ACH's motion to dismiss (ECF No. 67) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The motion is granted as to Pulera's negligence claim (Count VII) but denied in all other respects. Pulera's motion to extend the time to serve the Nurse Defendants (ECF No. 76) is **GRANTED** and the Nurse Defendants' motion to dismiss (ECF No. 77) is **DENIED**. Pulera has **thirty days** from the date of this order within which to serve the Nurse Defendants. Pulera's motion to lift the stay (ECF No. 89) is **GRANTED**. The Clerk is directed to set the matter on the court's calender for a telephone conference to address further scheduling.

Dated this   22nd   day of December, 2017.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court
